RECEIVED IN CLERK'S OFFICE
U.S.D.C. – Rome

JUL 1 1 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Dr. Kristina Cancro, MS MD ) | JURY DEMAND |
|       Plaintiff. ) | |
| Vs. ) | Civil Action Number: |
| ) | |
| Tamer Omar Mady and ) | 4:25-CV-0188 |
| Crystal Levon Mady ) | |
|       Defendants. ) | |

## COMPLAINT FOR DAMAGES

The Plaintiff, **DR. KRISTINA CANCRO**, pursuant to the Federal stalking statute 15 U.S.C. § 6851, 18 U.S.C. § 2261A, 18 U.S.C. § 875, 18 U.S.C. §1801, 34 U.S.C. § 12291(a)(12), 34 U.S.C. § 12291(a)(34), 34 U.S.C. § 12291(a)(35), 34 U.S.C. § 12291(a)(36), 34 U.S.C. § 12291(a)(40), AND files this her Complaint and in support shows the Court the following:

1.

Plaintiff is a resident of Paulding County, Georgia, and is 18 years of age or older.

2.

All Defendant(s) are residents of the State of New Jersey; however, jurisdiction and venue are proper with this Court because the sexual harassment and cyberstalking abuse occurred in the multiple states, i.e., New Jersey, Georgia, Alabama, and Mississippi. Therefore, Defendants are subject to the jurisdiction of this Court.

3.

Plaintiff and Defendant, Tamer Mady, were previous spouses, married in the Defendant's religion. Mr. Mady and Dr. Cancro cohabitated for 8 years.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF GEORGIA
**Cancro v. Mady et al**
CAFN:

4.

On August 4, 2024, the Defendant(s), Tamer Mady and Crystal Levon Mady committed the following acts of publishing NCII (nonconsensual intimate imagery) against the Plaintiff: Cyber Harassment, Send/Post Obscene Material with Intent to cause Fear/Harm of the 3rd degree; NJ statute 2C:33-4.1A(2) and Invasion of Privacy - Disclosure of a sex act without consent.   See Exhibit "A"

5.

Defendants(s), Tamer Mady and Crystal Levon Mady, were indicted for the 08/04/2024 crimes by Hudson County Superior Court of NJ during Grand Jury on 1/14/2025. Prosecutor File Number #24005178.

6.

On August 8, 2024, the Defendant(s), Tamer Mady and Crystal Levon Mady, committed additional similar acts of publishing additional photos and on new social media accounts, Facebook, Tiktok and Instagram with NCII of Dr. Cancro with additional threats. See Exhibit "B"  These offenses were reported to Officer Thomas Jurcisin with Bayonne Police Dept on 8/14/2024. Case # 2024-60945.

7.

Additional Warrants were issued on 8/15/2024 for the 08/08/2024 offenses for both the Mr. and Mrs. Tamer Mady; cyber harassment and invasion of privacy, same statutes, as above 2C:33-4.1A(2) and 2C:14-9C. Additionally,  Hudson County issued warrants for both Mr. and Mrs. Tamer Mady for Stalking - Engaging in Conduct, Reasonable Person Put in Fear; NJ Statute 2C:12-10B. Mr. Tamer Mady was issued a 4th warrant for DV Contempt for Violation of DV Order by Crime or DP Offense.

8.

The Defendant(s), Tamer Mady and Crystal Levon Mady, absconded out of state on the second set of warrants.

W901 2024 764

W901 2024 765

9.

Defendant, Mr. Tamer Mady, recently republished the same NCII on his personal YouTube page. The NCII can be seen on the Bayonne Police Department officer's Body

Web Cam, the same images for which the Defendant(s) were originally indicted. The Defendants(s) purportedly obtained this footage by utilizing FOIA (the freedom of information request); there are 5 videos with Dr. Cancro's personal information, i.e., address, phone number and email, which was given during police and detective interviews with the Bayonne Police Department of Hudson County New Jersey. This information should have been protected as a victim of Domestic Violence and Sexual Assault and in violation of The Violence Act Women's Act of 2022.

10.

Defendant, Dr. Tamer Mady used his personal YouTube page, under the handle of "@dr.tamermady1581" and was published on 06/21/2025. See Exhibit "C" This violation was reported to Investigator Andy Gore at Coweta County Sheriff's Dept on 07/07/2025. Case #25-07-000462.

11.

The Plaintiff is in reasonable fear for her own safety, privacy, and career security.

12.

At other times, the aforementioned Defendants have committed other such acts, including but not limited to:

    a. Repeated and regular social media posts; via Instagram, YouTube and other social media platforms. Said posts were humiliating and embarrassing against Plaintiff, using her first and last name, including her contact information, and continued posting old texts, photos, and threats. The onslaught of these heinous and abominable posts were at times daily, nearly daily and/or several times daily;
    b. Additional threats to post more nude pictures of Plaintiff from 10-12 years ago;
    c. Repeated lies, rumors and attempts to sabotage Plaintiff's reputation;
    d. Repeated exposure of Plaintiff's personal medical information;
    e. Repeated threats to Plaintiff's life;
    f. Repeated threats to Plaintiff's family (mother, father, and sister);
    g. Repeated acts of slander and defamation; and
    h. Continual threats to Plaintiff's professional career as a physician.

13.

There is a substantial likelihood that the Defendants will continue to commit such acts of sexual assault, harassment and cyberstalking against the Petitioner in the immediate future if relief is not granted.

14.

Plaintiff believes Defendant(s), Mr. Tamer Mady and Crystal Mady, have criminal records and have committed the following crimes (approximate dates and crimes):

    a. Arrested on 08/10/2024 in New Jersey for offenses committed on 08/04/2024; Mr. Mady was served with a TRO at that time.
    b. Defendants were incarcerated at HCC (Hudson County Correctional from 8/10/24 - 8/13/2024. Ultimately being released on their own Recognizance <u>after signing of the Pretrial Order with no contact</u> on 08/12/2024.  See Exhibit "D"
    c. Defendants have broken the no contact Order by contacting the Plaintiff five (5) times directly; via an 18-page email in November 2024, Screenshots sent via text late November 2024 and early Dec 2024; Direct Instagram messages on 12/7 and 12/8/2024. (All reported to local authorities and the NJ prosecutor).
    d. Mr. Mady was arrested in Miami, Florida for strangulation of his own wife, Crystal Mady, on 1/5/2025. This case has since been dismissed.
    e. Defendants were both arrested on 5/28/2025 in Miami, Florida for Bench Warrants that were issued out of New Jersey on 05/09/2024. Defendants failed to appear in person, as mandated for their final pretrial conference.
    f. Defendants were incarcerated for approximately six (6) days in Miami, but ultimately released, ROR due to the geographic distance being too costly for extradition.

15.

Defendants, Mr. Tamer Mady and Crystal Levon Mady, contemptuously, blatantly, and flagrantly continue to post daily on multiple social media with no regard for the bylaws, nor fear of the legal consequences.

16.

Plaintiff has in excess of 300 additional evidentiary materials and can produce Said posts, pictures, videos and emails upon the request of the Judge.

**UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF GEORGIA**
<u>Cancro v. Mady et al</u>
CAFN:

**THEREFORE**, Plaintiff prays:

a. That the Court set a hearing no later than thirty (30) days from the filing of this Complaint and direct Defendants to appear before this Court and show any reasons why the demands of the Plaintiff, should not be granted;

b. That the Defendants be served with a copy of this Complaint as required by law;

c. That this Court direct Defendants to stop the sexual assaults, harassment and cyberstalking, that are embarrassing, threatening and intimidating tactics upon Plaintiff;

d. That this Court restrain and enjoin Defendants from having any direct or indirect contact with the Plaintiff;

e. That this Court order that Defendants to be prohibited from approaching within 500 yards of Plaintiff and/or Plaintiff's place of employment and home;

f. That this Court make findings of fact and conclusions of law concerning the serious, detrimental events outlined in this case;

g. That Plaintiff be awarded monetary relief in the amount of $150,000.00 for the non-consensual publishing of multiple nude photos and videos, as per The Violence Act Women's Act of 2022.

h. That Plaintiff be awarded Compensatory damages in an amount to be determined at trial;

i. That Plaintiff be awarded punitive damages in an amount sufficient to punish Defendant and deter similar conduct;

j. That Plaintiff Costs of suit incurred herein:

k. Pre-judgment and post-judgment interest as allowed by law; and;

l. The Plaintiff respectfully requests that the court grant such other and further relief as it may deem just and proper.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF GEORGIA
<u>Cancro v. Mady et al</u>
CAFN:

PREPARED BY COURT



State of New Jersey,

v.

Crystal L Mady,
                Defendant.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: CRIMINAL PART
HUDSON COUNTY

Complaint #: W-2024-000732-0901

Criminal Action

PRETRIAL RELEASE ORDER

## FINDINGS FOR PRETRIAL RELEASE:

THE COURT FINDS that releasing the defendant on personal recognizance or on an execution of an unsecured appearance bond is sufficient to reasonably assure the defendant's appearance in court when required, the protection of the safety of any other person or the community and that the defendant will not obstruct or attempt to obstruct the criminal justice process and therefore is **ORDERING THE DEFENDANT RELEASED SUBJECT TO PERSONAL RECOGNIZANCE.**

**FURTHER,** AS PER REASONS SET FORTH ON THE RECORD, THE DEFENDANT IS RELEASED ON OWN RECOGNIZANCE WITH NO VICTIM CONTACT.

Exhibit "D"

Page: 1 of 4

State v. Crystal L Mady  W-2024-000732-0901

# NOTICE TO THE DEFENDANT

FURTHER, the following shall serve as NOTICE of additional responsibilities of the defendant while on pretrial release, and the PENALTIES for noncompliance:

- You must notify the court immediately in writing if you are detained in jail or prison or otherwise cannot appear at a court proceeding.
- You must provide Pretrial Services with a valid cellular phone number or email address, to which you have access, to receive reminders for your scheduled court appearances.
- If you fail to appear at a court proceeding and are arrested in another state or jurisdiction, you agree to waive all rights to extradition proceedings under the New Jersey statutes and the demanding state's or jurisdiction's statutes in regard to extradition law.
- Failure to appear, violation of any condition(s) of release or a restraining order or the commission of a new offense shall result in one or more of the following penalties and consequences:
    - Issuance of a warrant for your arrest,
    - Increasingly restrictive conditions,
    - A revocation of your release,
    - Forfeiture of any monetary bail,
    - Possible detention.

| | |
|---|---|
| PREPARED BY COURT<br><br>State of New Jersey,<br><br>v.<br><br>Tamer O Mady,<br>                          Defendant. | <br><br>SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CRIMINAL PART<br>HUDSON COUNTY<br><br>Complaint #: W-2024-000731-0901<br><br>Criminal Action<br><br>PRETRIAL RELEASE ORDER |

## FINDINGS FOR PRETRIAL RELEASE:

THE COURT FINDS that releasing the defendant on personal recognizance or on an execution of an unsecured appearance bond is sufficient to reasonably assure the defendant's appearance in court when required, the protection of the safety of any other person or the community and that the defendant will not obstruct or attempt to obstruct the criminal justice process and therefore is **ORDERING THE DEFENDANT RELEASED SUBJECT TO PERSONAL RECOGNIZANCE.**

## REASONS FOR DEPARTURE FROM PRETRIAL SERVICES RECOMMENDATION:

THE COURT FINDS that a departure from the recommendation is appropriate after considering the following information:

- the parties agreed to conditions that this court believes would reasonably assure the defendant's appearance in court, the safety of specific persons and the public, and that the defendant will not attempt to obstruct the criminal justice process
- other relevant circumstances or evidence presented



State v. Tamer O Mady  W-2024-000731-0901

# CONDITIONS OF RELEASE

      IT IS ORDERED, on this date, August 12, 2024, that the defendant be released on personal recognizance.

FURTHER, the court ORDERS that the defendant:

- shall appear for all scheduled court proceedings.
- shall immediately notify Pretrial Services of any change of address, telephone number or other contact information.
- shall not commit any offense during the period of release.
- shall avoid all contact with an alleged victim of the offense.
    - A violation of this no contact with victim condition of release shall result in one or more of the penalties and consequences listed on this release order under the Notice to the Defendant. In addition, a violation of this no contact condition of release may constitute civil or criminal contempt and may result in your arrest, prosecution, and possible incarceration, as well as imposition of a fine or jail sentence.

State v. Tamer O Mady  W-2024-000731-0901

# NEXT COURT DATE:

You are hereby ORDERED to return to court on 09/04/2024, at 09:00 AM, at HUDSON COUNTY-ADMINISTRATION BUILDING,595 NEWARK AVENUE, JERSEY CITY NJ 07306

Comments: IN PERSON / COURTROOM 715

# PRETRIAL MONITORING DETAILS:

You are hereby ORDERED to call Pretrial Services at (201) 748-4400 ext.60010 on 08/20/2024, at 11:00 AM

Comments: CALL 201.748.4400 EXT: 60010/60011

Date:08/12/2024                                 /s/ JUDGE   CYNTHIA JACKSON

This 11th day of July 2025.

Respectfully submitted,

*Dr. Kristina Cancro, MS MD,*
Plaintiff, Pro Se'

108 Misty Ridge Trail
Hiram, Georgia  30141
(678) 386-6366
kcancro@gmail.com

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint:

(1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the complaint otherwise complies with the requirements of Rule 11.

This 11th day of July, 2025.

Respectfully submitted,

Dr. Kristina Cancro, MS MD,
Plaintiff, Pro Se'

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF GEORGIA
Cancro v. Mady et al
CAFN: